IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOSHMEN JOHNSON,

    Petitioner,                   No. 2:13-cv-0868 CKD P

   vs.

RANDY GROUNDS,

    Respondent.                <u>ORDER AND</u>

_____/     <u>FINDINGS AND RECOMMENDATIONS</u>

        Petitioner, a state prisoner, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Petitioner challenges his 2009 conviction and sentence for first degree murder, raising three claims: (1) actual innocence; (2) trial counsel rendered ineffective assistance; and (3) the life without parole (LWOP) sentence imposed on petitioner, a juvenile, constitutes cruel and unusual punishment. (ECF No. 4[1] ("Ptn.") at 2-3.[2]) Petitioner concedes that these claims

---

[1] Petitioner commenced this action on May 2, 2013 by filing the original petition. The next day, he filed an amended petition and exhibits, which the court treats as the operative

1

have not been exhausted in the California Supreme Court.  (Id. at 14.)  Rather, the instant claims are the subject of an April 18, 2013 decision by the Sacramento County Superior Court on state habeas review.  (ECF No. 4-1 at 17-32.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner requests that this court hold the petition in abeyance until he is able to exhaust his claims in the California Supreme Court.  (Ptn. at 14.)  However, the court cannot stay a wholly unexhausted petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  As the Ninth Circuit explained:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims.... Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.

Raspberry, 448 F.3d at 1154.  See also Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obliged to dismiss immediately a petition containing no exhausted claims).

---

petition in this action.

[2]  Page citations are to page numbers assigned by the court's docketing system.

[3]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

Accordingly, the petition should be dismissed without prejudice.[4]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3. The Clerk of Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
john0868.103

---

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).